## SMITH *v.* SHERIDAN.

*(Supreme Court, General Term, Fifth Department.   June 20, 1890.)*

MASTER AND SERVANT—CONTRACT OF HIRING—EVIDENCE.

In an action for wages, where plaintiff relies on a contract of hiring at current wages, and defendant sets up a contract by which he was to give plaintiff such compensation as he should see fit, evidence as to any custom in defendant's neighborhood with regard to hiring plaintiff was properly excluded.

Appeal from Seneca county court.

Action by Henry Smith against Norman Sheridan.   A judgment entered on a verdict in the justice's court in favor of plaintiff was affirmed by the county court, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*John M. Barrett*, for appellant.   *Richard G. Miller*, for respondent.

MACOMBER, J.   This action, which was brought to recover for wages under a contract of hiring, was tried before a justice of the peace and a jury, and resulted in favor of the plaintiff.   The judgment entered upon such verdict having been affirmed by the county court, an appeal was taken by the defendant to this court.   The proposition relied upon to sustain this appeal

is that the justice erred in excluding evidence offered in behalf of the defendant. The plaintiff relied upon an affirmative contract of hiring at current wages. The defendant, under a general denial, set up a different contract, namely, that the plaintiff was to work for such compensation as the defendant saw fit to make to him. This issue presented a question of fact for the jury, and their determination must be deemed to be conclusive upon the rights of the parties, unless the exclusion of the evidence above mentioned is error for which the judgment should be reversed. Upon the question of *quantum meruit,* many witnesses were examined, a large majority of whom gave evidence which clearly sustained the sum awarded the plaintiff as compensation for his labor. The question propounded to the witness Lambert, namely, "What was the custom with regard to hiring the plaintiff in your neighborhood?" was clearly irrelevant to any issue presented by the pleadings or the proof. An answer to it would not have diminished the force of the evidence establishing the contract as claimed by the plaintiff, nor would it have supported the claim made by the defendant. Both parties relied upon a special contract, but differed as to the terms of such contract. Under these circumstances, what the plaintiff had received in the neighborhood, if such, indeed, was what was designed to bring out by the question, when working without a special contract, was wholly irrelevant, and was properly excluded by the justice. The judgment appealed from should be affirmed, with costs. All concur.